Barbara L. McCloud (#021215)
Manuel H. Cairo (#024339)
MIDWESTERN UNIVERSITY
19555 N. 59th Avenue
Glendale, AZ 85308
Telephone:  623.572.3219
Facsimile:   623.572.3431
E-Mail: mcairo@midwestern.edu
Attorneys for Defendant Midwestern University

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Gage,<br><br>             Plaintiff,<br><br>   v.<br><br>Midwestern University, an Illinois not-for-profit corporation,<br><br>             Defendant. | No. 2:19-cv-02745-DLR<br><br>**ANSWER** |

For its Answer to Plaintiff Ian Gage's Complaint, Midwestern University ("University"), by and through undersigned counsel, admits, denies, and affirmatively alleges as follows:

**INTRODUCTION**

The allegations in the introductory paragraph of the Complaint call for legal conclusions and/or legal arguments to which no response is necessary.  To the extent a response is required, University denies each and every factual allegation in the introductory paragraph of the Complaint.

**JURISDICTION AND VENUE**

The allegations in the Complaint's first paragraph under the heading "Jurisdiction" call for legal conclusions and/or legal arguments to which no response is necessary. To the

1  extent a response is required, University denies each and every factual allegation in the
2  Complaint's first paragraph under the heading "Jurisdiction."

3        The allegations in the Complaint's second paragraph under the heading
4  "Jurisdiction" call for legal conclusions and/or legal arguments to which no response is
5  necessary. To the extent a response is required, University denies each and every factual
6  allegation in the Complaint's second paragraph under the heading "Jurisdiction."

7  **COMPLAINT 1**

8  **Discrimination Based Off of Sex in Conjunction with**

9  **Title VII of the Civil Rights Act of 1964**

10        University admits that on or about "July 17, 2017, Ian Gage was hired by the
11  defendant as a Pathology Case Coordinator." Where allegations under the heading
12  "Complaint 1" call for legal conclusions and/or legal arguments, no response is necessary.
13  To the extent a response is required, University denies each and every factual allegation
14  under the heading "Complaint 1."

15  **COMPLAINT 2**

16  **Discrimination Based Off of Title I and V of the**

17  **Americans with Disabilities Act of 1990**

18        Where allegations under the heading "Complaint 2" call for legal conclusions and/or
19  legal arguments, no response is necessary. To the extent a response is required, University
20  denies each and every factual allegation under the heading "Complaint 2."

21  **GENERAL DENIAL**

22        University denies each and every factual allegation in the Complaint against it not
23  expressly admitted or otherwise pleaded to herein.

24  **DEFENSES**

25        Without conceding it bears the burden of proof or persuasion as to any one of the
26  following defenses, University asserts the following separate defenses to the allegations set
27  forth in the Complaint:

28        1.      With respect to all of Plaintiff's claims, Plaintiff's Complaint fails to state a

1  claim upon which relief can be granted.

2      2.    Plaintiff was an at-will employee of University.

3      3.    Plaintiff failed to exhaust administrative remedies because some or all of the allegations or theories of recovery Plaintiff included in the Complaint were not included in the underlying charge.

6      4.    University has no liability because it took no tangible adverse employment action against Plaintiff; University exercised care to prevent and promptly correct any known unlawful behavior; and/or Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by University or to otherwise avoid the harm alleged.

11      5.    University's decisions and actions with respect to Plaintiff's employment were justified by appropriate business considerations and were neither based on nor motivated by, in whole or in part, circumstances, facts, policies, or practices that violate any federal, state, or local rule, regulation, statute, or common law.

15      6.    The practices of which Plaintiff complains were and are not unlawful, discriminatory, retaliatory, or unfair.

17      7.    Any adverse action taken against Plaintiff was due to Plaintiff's own actions and/or inactions.

19      8.    University did not have actual or constructive knowledge of any of the claimed protected activity or retaliatory acts alleged in Plaintiff's Complaint at any time material to the Complaint.

22      9.    Plaintiff did not engage in any protected conduct.

23      10.    University engaged in good faith efforts to comply with all laws, including guidance from the Equal Employment Opportunity Commission.  Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of any applicable laws.

28      11.    Plaintiff did not request any accommodations, and to the extent he did,

1  University has no liability because his requests created an undue hardship and/or constituted a direct threat to the health or safety of self or others.

12. Plaintiff did not suffer any adverse employment action.

13. Without conceding Plaintiff suffered any adverse employment action, Plaintiff cannot show such alleged adverse employment action was the direct and proximate result of him having taken some alleged protected activity.

14. Plaintiff cannot demonstrate any adverse employment action because of the same actor inference.

15. To the extent Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and therefore bars the granting of relief to Plaintiff herein. Plaintiff breached his legal obligations and his wrongful conduct precludes Plaintiff from seeking to invoke the court's equitable jurisdiction.

16. If any improper, illegal, or retaliatory acts were taken by any of University's employees, it was outside the course and scope of that employee's employment, contrary to University's policies, and was not ratified, confirmed, or approved by University. Thus, any such actions cannot be attributed or imputed to University.

17. Any improper, illegal, or retaliatory actions by any of University's employees were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by University and thus cannot be attributed or imputed to University.

18. To the extent any of University's employees retaliated, acted improperly or unlawfully, which University denies, University is not vicariously liable for such acts because any such employees did not have substantial discretionary authority over significant aspects of University's business and/or the ability to set or modify corporate policy.

19. Any injury, damage, and/or loss sustained by Plaintiff proximately were caused by or contributed to by his own conduct, and Plaintiff's claims are barred or diminished in the proportion that the conduct of Plaintiff proximately caused such injury, damage, and/or loss.

20. If Plaintiff has suffered damages, University is not the proximate cause of some or all of those damages.

21. If Plaintiff has suffered damages, some or all of the damages allegedly sustained by Plaintiff were caused or contributed by his own conduct or by other intervening or supervening causes over which University had no control and which cannot be the basis for any liability.

22. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by University, Plaintiff has failed to mitigate or minimize the alleged damages.

23. Plaintiff's claims are barred by Arizona workers' compensation statute.

24. University is not liable for punitive damages under any laws because neither University nor any of its employees sufficiently high in its corporate hierarchy, committed any act which malice or reckless indifference to Plaintiff's federally or state protected rights, or approved, authorized or ratified, or had actual or constructive knowledge, of any such acts.

25. Plaintiff's damages may be barred in whole or in part by the doctrine of after-acquired evidence.

26. Plaintiff's claims, or parts thereof, are barred by the doctrines of accord, satisfaction, waiver, release, and estoppel.

27. University is entitled to an award of their attorneys' fees and costs under applicable Arizona law.

28. University reserves the right to amend this Answer to assert any and all additional affirmative defenses that may be disclosed during discovery in this matter.

29. Because University has not yet had the opportunity to conduct any discovery in this matter and so as not to waive any of the affirmative defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, all defenses set forth in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure are incorporated by this reference.

**WHEREFORE**, University prays as follows:

1  A. That Plaintiff takes nothing by his Complaint for damages;

2  B. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3  C. That University recover its costs of suit herein, including its reasonable

4  attorneys' fees; and

5  D. That the Court award such other and further relief as it deems appropriate.

6  DATED this 24th day of May, 2019.

7                                                       MIDWESTERN UNIVERSITY

9                                                       By: s/ Manuel H. Cairo
10                                                          Manuel H. Cairo
                                                            Barbara L. McCloud
11                                                          Midwestern University
                                                            19555 N. 59th Avenue
12                                                          Glendale, Arizona  85308
                                                            Attorneys for Defendant Midwestern
13                                                          University

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants, and mailed a copy of same to the following if non-registrants on this 24th day of May, 2019:

Ian Gage<br>
4110 W. Eva St.<br>
Phoenix, AZ 85051

s/ Manuel H. Cairo