**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Gage, | No. CV-19-02745-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Midwestern University, | |
| Defendant. | |

Before the Court is Plaintiff's "Request for Court Investigation of Attorney's Misconduct." (Doc. 56.) Plaintiff requests the Court to investigate "actions perpetrated by the defendant's attorney in this court case and in instances under this court's authority." (*Id.* at 1.) Plaintiff is concerned about the investigation conducted by defense counsel wherein he obtained Plaintiff's official job description, allegedly lied to the Court about how he obtained access to Plaintiff's medical records, the attorney's efforts to obtain medical records after the Court purportedly denied his request for access to the records, and his putting the allegedly illegally accessed records into the record. The Court considers the motion as a request to conduct a contempt hearing.

The information supplied in the motion does not show that defense attorney lied as alleged or committed any act of contempt that would warrant a hearing. The accusations alone do not establish contempt of court and the attachments to the motion are not evidence of contempt of court. To support the accusations made in the motion Plaintiff would need

to show a written court order or a transcript of a proceeding and present evidence that counsel was untruthful or acted in violation of the written order or the oral orders or instructions of the Court contained in the transcript. No such showing has been made.

The Court notes, however, that the fact that defense counsel obtained a job description from an employer, especially when that employer is his client, does not suggest unethical conduct. Such a document is not privileged and there is no protection against contacting an employer to seek it. Likewise, it is not unusual or unethical for an attorney to obtain medical records in a case involving claims of injuries. When the case involves questions of injuries, disability and causation, it has long been the law in Arizona that the person who holds the medical record privilege has impliedly waived that privilege regarding that particular medical condition. *Throop v. F.E. Young & Co.,* 382 P.2d 560 (1963).

**IT IS ORDERED** that Plaintiff's "Request for Court Investigation of Attorney's Misconduct" (Doc. 56) is **DENIED.**

Dated this 18th day of January, 2022.

_____
Douglas L. Rayes
United States District Judge