**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Gage, | No. CV-19-02745-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Midwestern University, | |
| Defendant. | |

Before the Court are Defendant Midwestern University's (the "University") re-briefed summary judgment motion, and Plaintiff Ian Gage's motion for contempt hearing, both of which are fully briefed. Construing Gage's motion as a motion to strike, the Court grants the motion to strike and also grants the motion for summary judgment.

**I. Procedural Background**

The Ninth Circuit vacated in part this Court's grant of summary judgment. *Gage v. Midwestern University*, No. 22-15227, 2022 WL 9904311, at *2 (9th Cir. Oct. 17, 2022). On remand, the Ninth Circuit instructed this Court to re-analyze whether Gage was disabled under 42 U.S.C. § 12102, explaining that the Court erred "in concluding that Gage is not disabled under the [Americans with Disabilities Act ("ADA")] solely because his alleged impairments were not permanent." *Id.*

The Court ordered the parties to "rebrief the motion for summary judgment solely on the issue of the disability discrimination claim." (Doc. 82 at 4.) The University sought

further restriction on the briefing: "What I would—I think would help expedite this is if we can agree to adopt the Court's findings" from the original order granting summary judgment because "there are no additional facts to introduce." (*Id.* at 5-6.) The Court agreed, and specifically allowed Gage "to argue facts that you feel that weren't given sufficient consideration or that you feel should have been viewed differently from the way I saw them when I made my findings." (*Id.* at 7.)

**II. Motion to Strike**

Though motions to strike generally are disfavored, *Picurro v. Baird*, No. CV 09-00938-PHX-NVW, 2011 WL 4433954, at *1 (D. Ariz. Sept. 23, 2011), LRCiv 7.2(m)(1) allows a party to move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." Here, the University introduced new evidence with its supplemental motion for summary judgment, asking the Court to take judicial notice of a fact not previously in the record. (Doc. 74-1.) This violates the Court's order, which prohibited introducing new evidence in the supplemental motion for summary judgment.

The University argues that it was authorized to do so by Federal Rule of Evidence 201. (Doc. 80.) But, at the University's request, the Court's order ruled out any enlargement of the record, affording no exception for Rule 201 or any other manner of supplementing the record beyond the facts already introduced by the parties in the original summary judgment briefing. (Doc. 82 at 7.) The University confirmed its understanding that it would present no new facts and merely "cit[e] to the order." (*Id.* at 8.) Besides, the Federal Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. It's not fair for the University to ask the Court to restrict briefing to the Court's previous factual findings and then shoehorn new evidence into its supplemental motion for summary judgment. Accordingly, the Court will strike the new evidence submitted by the University, but the Court will consider the arguments in the University's supplemental motion for

summary judgment insofar as they do not rely on the new evidence.

**III. Motion for Summary Judgment**

In re-briefing the motion for summary judgment, the Court allowed Gage to argue facts he felt the Court overlooked, and he spent a good portion of his response presenting regulations governing the control of formaldehyde, which has no bearing on whether he himself was disabled under the ADA. The Court therefore declines to modify its findings of fact and, because the parties are familiar with those findings, the Court dispenses with their recitation here. (Doc. 58 at 1-5.)

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the nonmoving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the nonmoving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). And "conclusory allegations, unsupported by facts are insufficient to survive a motion for summary judgment." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1116 (9th Cir. 2003).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id*. at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts[,]" and instead "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation and citation omitted).

The sole issue on remand is whether "Gage is disabled under sections 12102(1)(A) and 12102(1)(B) and whether he has provided sufficient evidence to carry his summary judgment burden on that claim." *Gage*, 2022 WL 9904311 at *2.

"The ADA prohibits an employer from discriminating against a qualified individual with a disability 'because of the disability.'" *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (quoting 42 U.S.C. § 12112(a)). To prove a claim of disability discrimination a plaintiff must show that (1) he is disabled within the meaning of the ADA, (2) that he is qualified, with or without an accommodation, to perform the essential functions of the job, and (3) that his employer denied a reasonable accommodation for his disability or subjected him to an adverse employment decision solely because he is disabled. *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996). When an employee alleges failure to accommodate, the employee maintains the burden of proving the reasonableness of an accommodation and the employer bears the burden of proving undue hardship. *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401-02 (2002). "If the employer disclaims any reliance on the employee's disability in having taken the employment action," the *McDonnell Douglas* Title VII burden-shifting analysis applies. *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1175-76 (9th Cir. 1998).

"An individual is disabled under the ADA if []he meets any one of three definitions: (1) 'a physical or mental impairment that substantially limits one or more of the individual's major life activities,' (2) a 'record of such an impairment,' or (3) 'being regarded as having such an impairment.'" *Gage*, 2022 WL 9904311, at *1 (quoting *Fraser v. Goodale*, 342 F.3d 1032, 1037-38 (9th Cir. 2003)). "An impairment covered under the ADA includes any physiological disorder," *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004), and "major life activities" includes "standing," "sitting," and "lifting," 29 C.F.R. § 1630.2. "Substantially limited" means that a person is "significantly restricted as to condition, manner or duration under which [she] can perform [the] particular major life activity as compared to . . . [an] average person in the general population." *Coons*, 383 F.3d at 885. A disability need not be permanent. *Gage*, 2022 WL

9904311 at *1-*2(citing *Shields v. Credit One Bank, N.A.*, 32 F.4th 1218, 1223-25 (9th Cir. 2022)). Yet "[t]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." *Wilmarth v. City of Santa Rosa*, 945 F.Supp. 1271, 1276 (N.D. Cal. 1996); *see Shields*, 32 F.4th at 1225 (noting that temporal duration of an impairment is "one factor" to be considered).

Gage's ADA claim relies on a doctor's note dated January 23, 2018, provided to the University in March 2018 and a doctor's note dated April 2, 2018. (Doc. 54-2 at 31.) The January note says, "Mr. Gage should not work with formaldehyde at all." The April note provides that Mr. Gage was seen "for symptoms of coughing, wheezing, eye irritation, rash and fatigue. . . . Symptoms have somewhat improved after he stopped working with Formaldehyde. The above symptoms are classic with exposure to Formaldehyde. Under no circumstances, Mr. Gage should have continuous exposure to this chemical. There is no specific test that shows this connection except history of symptoms[.]" (*Id.*)

The doctors' notes do not establish that Gage is disabled within the meaning of the ADA. Neither note states that Gage has a physical or mental impairment. The April note talks of symptoms that appear to have involved the respiratory system. The ADA covers any disorder or condition affecting body systems such as the respiratory systems. 29 C.F.R. § 1630.2(H). With respect to the temporality factor, the letters do not indicate that the symptoms of which Gage complained were anything more than temporary. Neither note states that his complaints about his reaction to formaldehyde are disabling or permanent. In fact, the April note states that his symptoms improved after he stopped working with formaldehyde. At best, Gage presents evidence that he had respiratory symptoms for a time.

But mere symptoms—without evidence of substantial limitation to one or more of life's major activities—do not render him disabled under the ADA. The doctors' notes do not state that Gage's exposure to formaldehyde and his transient respiratory symptoms resulted in substantially limiting a major life activity. A major life activity is a function "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking,

breathing, learning, and working." 29 C.F.R. § 1630.2(J). To have a record of an impairment that substantially limits a major life activity means to have a history of "a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). "The record must be of an impairment that substantially limits a major life activity." *Heisler v. Metro. Council*, 339 F.3d 622, 630 (8th Cir. 2003). No such evidence was presented here. To be sure, Gage submitted his own email to the University summarizing a scrum of symptoms that he argues line up with major life activities, but the email is an unsworn, "uncorroborated and self-serving" statement, which alone cannot create a genuine issue of fact. *Kennedy v. Applause, Inc.* 90 F.3d 1477, 1481 (9th Cir. 1996).

Gage has not argued or presented evidence that the University mistakenly regarded him as having a physical impairment limiting any major life activities. A person may be regarded as disabled under the ADA if "a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major activities[.]" 29 C.F.R. § 1630.2(l)(1). The evidence in the record shows that the University did not consider him impaired but was seeking further information to understand the state of Gage's condition. The University was seeking information on a diagnosis and the basis of Gage's claim that he was disabled. The employer is entitled to obtain information about the alleged disability. *See, e.g.*, *Collings v. Longview Fibre Co.*, 63 F.3d 828, 833-35 (9th Cir. 1995). The doctors' notes expressing the symptoms based on Gage's subjective complaints and history do not, in and of themselves, amount to a notice of disability and there is no evidence that the University considered it as notice.

Gage fails to present evidence to carry his burden to prove that he is disabled within the meaning of the ADA or that the University mistakenly believed him to be disabled. The University is therefore entitled to summary judgment on this claim. Accordingly,

**IT IS ORDERED** that Gage's motion for contempt hearing, construed as a motion to strike (Doc. 76), is **GRANTED**. Doc. 74-1 is **STRICKEN**.

**IT IS ORDERED** that the University's supplemental motion for summary

judgment (Doc. 74) is **GRANTED**. The Clerk is directed to enter judgment accordingly and terminate this case.

Dated this 7th day of August, 2023.

_____
Douglas L. Rayes
United States District Judge