**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ian Gage, | No. CV-19-02745-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Midwestern University, | |
| Defendant. | |

At issue is Plaintiff Ian Gage's motion for reconsideration of the Court's May 2, 2025 order granting in part Mr. Gage's motion to conduct additional discovery and to supplement the evidentiary record. (Doc. 112.) Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner,* 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.,* 689 F. Supp. 1572, 1573 (D. Haw. 1988). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also* LRCiv 7.2(g).[1] Such

---

[1] Mr. Gage cites to Federal Rules of Civil Procedure 59(e) and 60(a) and (b), but those rules do not apply in this context. Rule 59(e) governs motions to alter or amend a judgment. The order Mr. Gage seeks reconsideration of did not enter a judgment. Rule 60(a) permits the Court to correct "clerical mistakes or mistakes arising from oversight or omission." Mr. Gage has not identified clerical errors or oversights, but instead takes issue with the Court's substantive analysis. Finally, Rule 60(b) applies only to *final* judgments,

motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through—rightly or wrongly.'" *Defenders of Wildlife*, 909 F. Supp. at 1351 (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Mr. Gage does not present the Court with newly discovered evidence, nor does he identify any changes in controlling law that have occurred in the time since the Court's order issued. Instead, Mr. Gage argues that the Court's order was clearly erroneous. To be clearly erroneous, a decision must be "more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts and Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988); *see also Ocean Garden, Inc. v. Marktrade Co., Inc.*, 953 F.2d 500, 502 (9th Cir. 1991). Mr. Gage has not shown clear error. At most, Mr. Gage has registered his disagreement with the Court's ruling and urged the Court to rethink what it has already thought through.

First, Mr. Gage argues that the Court erred by stating that "he wished to supplement the record with additional discovery material." (Doc. 113 at 2.) The Court did not err. Pages 30-31 of the transcript of the telephonic conference held on January 14, 2025, reflects that Mr. Gage wanted to supplement the record with materials that he believes are currently missing from the record, including the results of a pulmonary function test ("PFT") and communications with Hartford Insurance. (Doc. 98 at 30-31.) Mr. Gage asked for other relief as well, including discovery into allegations of fraud and spoliation of evidence. But that does not change the fact that Mr. Gage *also* sought permission to conduct additional discovery and supplement the record. The Court did not err in describing this portion of Mr. Gage's request.

Second, Mr. Gage argues that the Court erred by sua sponte scheduling a third summary judgment motion "before new discovery could unfold and while evidentiary disputes remain unresolved." (Doc. 113 at 3.) The Court did not clearly err. The Ninth

---

orders, or proceedings. The order Mr. Gage seeks reconsideration of is not a judgment, nor is it a final (i.e., case dispositive) order. It instead is an interlocutory discovery and case management order. As such, Mr. Gage's motion for reconsideration is governed by Local Rule 7.2(g).

Circuit instructed the Court to consider whether the evidence in the record raises a genuine dispute of material fact as to whether the symptoms of Mr. Gage's formaldehyde sensitivity and his respiratory impairments substantially limit a major life activity. (Doc. 97-1 at 2.) That language corresponds to the summary judgment standard, which is to say the Ninth Circuit remanded for the Court to reconsider whether Defendant Midwestern University ("the University") is entitled to summary judgment, or whether there is a genuine dispute of material fact that requires a trial. To accomplish this, the Court is left with two options. First, it can rely on the summary judgment briefing that has already taken place. Second, it can allow the parties to supplement their summary judgment briefing. The Court chose the second option, and it did not do so sua sponte—the University asked for permission to supplement the summary judgment briefing. What's more, the Court did so for a logical reason. It had just granted Mr. Gage permission to supplement the record with the PFT and to conduct some additional discovery that he contends was withheld earlier in the case. Without supplemental summary judgment briefing, there would be no opportunity for Mr. Gage to introduce this new evidence before the Court considers whether genuine disputes of material fact exist. The Court ordered supplemental briefing so that Mr. Gage could have a fair opportunity to supplement the record with any new, relevant evidence that he might receive through the additional discovery the Court has authorized, and so the parties could address such evidence. Mr. Gage's contention that the Court ordered new briefing "before new discovery could unfold" is demonstrably untrue. The Court's order set the deadline for supplemental briefing far enough out to permit Mr. Gage to serve and receive responses to the additional discovery beforehand.[2]

---

[2] Mr. Gage also makes merits arguments about the nature of his alleged disability, citing to 29 C.F.R. § 1910.1048 and *UAW v. Pendergrass*, 878 F.2d 389 (D.C. Cir. 1989). Mr. Gage is free to raise these arguments again in his supplemental summary judgment response brief, and the Court will consider them at that time. Nothing in the Court's May 2, 2025 order resolved those merits issues. The same is true regarding Mr. Gage's objection to the use of what he describes as "HIPPA-stolen medical records." (Doc. 113 at 4.) If Mr. Gage has objections to the University's summary judgment evidence, he may raise them in his supplemental summary judgment response and the Court will consider them at that time. The order the Court issued on May 2, 2025 merely addressed the procedure whereby the Court will go about answering the question the Ninth Circuit directed it to answer on remand. Namely, the Court will allow Mr. Gage to conduct some limited addition discovery, and it will allow the parties to supplement their summary judgment briefing so

Third, Mr. Gage notes that the Court ordered he "is entitled to all his statements and communications with the University or any other person or entity that are in the University's possession and that pertain to this action or the subject matter involved in this case," but argues that he requested more that just his own statements." (Doc. 113 at 4.) Mr. Gage might disagree with the Court's decision to grant him only part of what he asked for, but mere disagreement is an insufficient basis for reconsideration. Mr. Gage has not shown that the Court's order was clearly erroneous.

Fourth, Mr. Gage argues that the Court erroneously ruled that the PFT was untimely disclosed. (Doc. 113 at 4-5.) The Court disagrees, but this disagreement is immaterial because the Court also found that the timing of the PFT disclosure was harmless, and that Mr. Gage is free to supplement the record with the PFT, regardless of any timing issues. The Court did not err by granting Mr. Gage what he asked for, namely, permission to supplement the record with the PFT.

Fifth, Mr. Gage argues that the Court ignored his spoliation arguments. (Doc. 113 at 4-5.) This is demonstrably false. Pages 7-8 of the Court's order contain a discussion of Mr. Gage's spoliation arguments and concludes that those arguments are too speculative to justify spoliation-related discovery. (Doc. 112 at 7-8.) Mr. Gage might disagree with the Court's ruling, but mere disagreement is an insufficient basis for reconsideration.

Sixth, Mr. Gage argues that the Court erred by not requiring the University to explain how it "gathered . . . discovery of EEOC Charge reports with UofA and his personal nonpublic records held by them." (Doc. 113 at 5.) The Court addressed the U of A records in its order. Mr. Gage's argument about how the University acquired these records is a variation of his fraud and spoliation allegations, which likewise were addressed in the order. Mr. Gage might disagree with the Court's resolution of those issues, but he has not shown clear error.

Seventh, Mr. Gage argues that the Court erred by "refus[ing] discovery or . . . sanctions into" alleged acts of retaliation by the University. (Doc. 113 at 6.) Again, Mr.

that they can address and present the Court with any new, relevant evidence that results from this additional discovery.

- 4 -

Gage might disagree with the Court's resolution of this issue, but he has not shown clear error. The Court correctly noted that the sole remaining claim in this case is a claim of disability-based discrimination, and that discovery would be limited to that claim. Mr. Gage cites to 18 U.S.C. §§ 1512 and 1513, which are criminal statutes concerning witness tampering and retaliation against witnesses, victims, or informants. (*Id.*) Mr. Gage is not a federal prosecutor. He cannot bring criminal charges. This is a civil case under the Americans with Disabilities Act. Mr. Gage also cites to 42 U.S.C. § 1985(2), which is section of federal civil rights law imposing liability for conspiracies to violate civil rights. But, once again, the sole claim in this case is a claim for disability-discrimination under the ADA. The Court did not clearly err by limiting discovery to the sole claim at issue.

For these reasons, the Court denies Mr. Gage's motion for reconsideration. To summarize where this case stands procedurally, the Court has declined Mr. Gage's request for a stay of proceedings while he investigates allegations of fraud and spoliation of evidence by the University. The Court addressed some of these fraud and spoliation allegations in an order dated January 18, 2022 (Doc. 60), and found in its May 2 order that Mr. Gage's latest fraud and spoliation accusations are too speculative to justify discovery into this collateral issue (Doc. 112 at 7-8). The Court has granted Mr. Gage permission to supplement the evidentiary record with the PFT, and to conduct some limited additional discovery that the Court deems potentially relevant to this claim. The Court's May 2 order details the discovery the Court has permitted, including deadlines for completing that discovery. The Ninth Circuit has directed the Court to determine whether a genuine issue of material fact exists for trial. To do this while also giving Mr. Gage an opportunity to supplement the record with relevant evidence he might obtain through the additional discovery the Court has authorized, the Court has set a schedule for supplemental summary judgment briefing. If, after reviewing that briefing and the evidentiary record, the Court determines that there is a genuine issue of material fact about whether Mr. Gage is disabled within the meaning of the ADA, then the Court will set a date for trial at that time.

**IT IS ORDERED** that Mr. Gage's motion for reconsideration (Doc. 113) is **DENIED**.

Dated this 7th day of May, 2025.

Douglas L. Rayes
Senior United States District Judge